[Crim. No. 4758. Second Dist., Div. Three. June 2, 1952.]

THE PEOPLE, Respondent, v. JOSE MENDOZA RODRIGUEZ et al., Defendants; THOMAS MENDOZA RODRIGUEZ, Appellant.

William W. Larsen for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendants Jose, Carmen and Thomas Rodriguez were accused of violating section 11500 of the Health and Safety Code in that they unlawfully had in their possession flowering tops and leaves of Indian Hemp (cannabis sativa). Thomas Rodriguez admitted an allegation in the information that he had been convicted previously of the crime of violating said section 11500, a felony. Trial by jury was waived. By stipulation the People's case was submitted upon the transcript of the preliminary examination and the exhibits referred to therein. Evidence was received on behalf of defendants and rebuttal evidence was received on behalf of the People. Carmen Rodriguez was adjudged not guilty. Jose and Thomas Rodriguez were adjudged guilty. Jose was granted probation. Thomas' application for probation was denied. Judgment was that he be imprisoned in the state prison. He appeals from the judgment.

Appellant contends that the "verdict" is against the evidence—that there is nothing to establish appellant's connection with the commission of the offense. This contention is not sustainable. The evidence shows that on April 5, 1951, two police officers went in a panel truck to a place which was across the street from a house at 11418 Maxine Street in Whittier; they arrived at that location about 7:30 a. m. and left there about 8 p. m.; about 10 a. m. they saw appellant come out of the house at that address, pick up the paper, open it and look at it; approximately five minutes later he walked into the house; about 2 p. m. he came out of the house, moved the hose and watered the grass; about 5:30 p. m. Jose drove an automobile into the driveway, and then

went into the house; about 6 p. m. appellant came out of the house, entered the automobile and drove away; about 7 p. m. the officers entered the house; Jose and Carmen (husband and wife) and a Mr. and Mrs. Vasquez were in the house at that time; the officers searched the house; in a "recess" in the linen closet one of the officers found a brown paper bag containing 16 small paper bags each of which contained approximately 1 ounce of crushed marihuana leaves and stem fragments; in a broom closet he found a package of empty brown paper bags (about 1,300) which were similar to the bags the marihuana was in; in the den the officers found a paper box which contained approximately 30 booklets of cigarette papers, and in a cabinet in the kitchen they found a tobacco can which contained a few marihuana leaves; about this time a man named "Gil" came to the house and asked for appellant; Jose told the officers that appellant (his brother) was probably at the home of a friend at 526 South Margaret Street; the officers later went to that house and arrested appellant; appellant told the officers that he and his brother lived at 4952 Floral Street; one of the officers searched appellant and found a key in his pocket.

The officer testified that appellant stated that he had found the key; the officers and appellant then returned to the house on Maxine Street; the witness (officer) opened the door to the house with the key which he had found in appellant's pocket; he took appellant into a bedroom, opened the wardrobe and told appellant that he (officer) was going to try the clothing on appellant to see if it was his; appellant then stated that the clothing was his, the bedroom was his and that he was living in the house; the officer asked appellant if he had any marihuana there, and the appellant replied, "I am not going to answer you. After you take me to jail, I will probably tell you all about it"; on the following day appellant told the officer that none of the other persons knew anything about the marihuana; the officer told appellant that he (officer) had the marihuana and asked appellant where he had hidden it; appellant replied "in the linen closet"; the officer then asked appellant how many bags of marihuana he had, and the appellant said he was not positive, that it might be 13.

The decision of the trial court is supported by the evidence.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.